81,879-02

| | | |
|---|---|---|
| TANJIA C. CHANDLER | § | No. 10-9966-B |
| AKA | | |
| TANJIA C. SMITH | § | PETITIONERS RESPONSE |
| Petitioner | | |
| V | § | IN THE CRIMINAL DISTRICT |
| William Stevens | | COURT OF |
| Director of the Texas | § | JEFFERSON CO., TX. |
| Correctional Institutions | | |
| Divisions | § | on MARCH 3, 2015 |
| Respondent | | |

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 30 2015
Abel Acosta, Clerk

## INTRODUCTION

In response to States submission of Habeas Writ 10-9966-B to the 262nd District Court noted February 17, 2015.

Petitioner has received prior authorization from Ann Landry-Writ Division to proceed pro-se' on the current Habeas no. 10-9966-B filed on February 17, 2015, due to Petitioner being Ignorant of the law and the proper proceedings to file a correct Habeas from 2014.

## STATEMENT OF FACTS

State alleges that Petitioner knew all grounds prior to trial and on first attempt of Habeas Writ no. 10-9966-A is superficial and redundant.

Enclosed is Petitioners affidavit of sworn declaration stating the following:

1) Petitioner was unknowledgeable of writ process on 10-9966-A.

2) If Attorney Norman A. Desmarais Jr. had been a competent Counselor he would have presented the facts contained within Habeas Writ 10-9966-B filed on February 17,2015.

Suppose Attorney Norman A. Desmarais Jr. had presented Mr. Dudley Butauds toxicology at trial; any reasonable tier of fact would have found a degree of reasonable doubt.

The severity of the sentence purposed exceeds an accidental death incident.

Art 11.07 sec 4 (1) (c) current claims and issues have not been and could not have been presented previously in an orginal application filed under this article because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application.

For purpose of subsection (a) (1) a factual basis of a claim is unavailable on or before a date described by subsection (a) (1) if, the factual basis was not ascertainable through the excercise of reasonable diligence.

Petitioner has shown she did not have knowledge of claims prior to trial or Habeas Writ 10-9966-A.

## CONCLUSION

Submitted within the Habeas Writ 10-9966-B is the Petitioners authorization to proceed on a Habeas Writ due to Ignorance of law.

The assumption of the State that tries to subject the courts to bias opinion, by stating, " There appears to be no legal reason the current claims were not or could not have been presented in applicants previous writ."

The State could not possibly know when Petitioner found out about her rights or how to present them, by the States own comment. The State is therefore admitting that Petitioner did receive incompetent counsel, due to the fact that Attorney Norman A. Desmarais Jr. did not present a defense for the Petitioner.

On Spetember 8, 2014 through the State Bar of Texas record no. 649747, received her discovery and trial file per art. 39.14 from her Attorney Norman A. Desmarais Jr. which contained the grounds Petitioner is challenging in her Habeas Writ, which proves she had no knowledge of evidentary matters at trial or for her Habeas Writ no. 10-9966-B.

## INMATES DECLARATION

I Tanjia C. Chandler-Smith, TDCJ # 1746186 being presently incarcerated in TDCJ Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 declare under perjury or penality that according to my belief that the facts stated in application are true and correct.

_Tanjia C. Chandler-Smith_  March 13, 2015
sign  TDCJ # 1746186                    date


## CERTIFICATE OF SERVICE

I Tanjia C. Chandler-Smith residing at Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 state that herein is true and correct.

_Tanjia C. Chandler-Smith_  March 13, 2015
sign                        date

| | | |
|---|---|---|
| TANJIA C. CHANDLER AKA | § | COURT OF CRIMINAL APPEALS |
| TANJIA C. SMITH PETITIONER | § | PETITIONERS RESPONSE TO STATES DISMISSAL |
| V. | § | RECOMMENDATION |
| William Stevens Director of the Texas | § | |
| Correctional Institutions Division | | NOTED MARCH 17, 2015 |
| Respondent | § | |

## INTRODUCTION

I, Tanjia C. Chandler-Smith TDCJ # 1746186, residing at Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 hereby give notice to respond to States Dismissal Recomendation dated March 17, 2015 which Petitioner received March 24, 2015. (Habeas Writ no. 10-9966-B)

## FINDING OF FACTS

Petitioner filed a 2nd Habeas Writ after receiving permission for successive Writ due to Ignorance of law. Ann Landry of the Writ Division gave permission to Petitioner to proceed on successive Writ. (Included in Habeas Writ 10-9966-B)

Petitioner received States Response on March 10, 2015 at which time Petitioner replied and mailed her response out on March 13, 2015 back to Jefferson Co. 262nd District Court. (Writ Division) State did not allow Petitioner the authorized 14 days to reply.

State had a Dismissal Recommendation signed March 17, 2015 by Honorable Judge John B. Stevens Jr. without allowing Petitioner response to be submitted.

State alleges that under Art 11.07 4 (a) (1) that Petitioner must establish either a new law or new facts. Petitioner submission of Attachment (A) the sworn inmate declaration of Petitioner as well as Attachment (G) of Petitioners husbands affidavit. On page 3 item 6 of States Dismissal Recommendation clearly says that the attachments

were an exception and was not known at trial. Hence new facts, new evidence. Petitioner did qualify above and beyond 11.07 4 (a) (1) requirements.

In reponse to States allegations that Petitioner failed to satisfy 4 (a) (2) of the 11.07 Tex. Code Crim. Proc. petitioner has established rebuttal and documents that leave questions and doubt to any rational Juror. In applying a standard of due process a concept such as fairness or funamental fairness essential to the very concept of Justice.

Petitioners request for Habeas Corpus Writ is properly before courts. On the record as anyone can read. Petitioner did not have her day in court to meet the Prosecutions case. A fair chance for an accused person to say her say is so rooted in the traditions and conscience of our country as to be the very essence of a scheme or ordered liberty.

## SHOWING OF FACTS

In States Dismissal Recommendation page (3) section (7) states Petitioners attachment (A) which accompanied her Habeas Corpus Writ, exhibit (A) proves Petitioner satisfies Tex. Civil Practice & Remendies Code 132.001 (c) (2). Because last page of Habeas Corpus Writ is Inmate Sworn Declaration that reads, " true under penalty of perjury".

## CONCLUSION

Included in this petition is also a copy of Petitioners response, for response to States response received on March 10, 2015. Petitioner responded on March 13, 2015.

## INMATES DECLARATION

I Tanjia C. Chandler-Smith, TDCJ # 1746186 being presently incarcerated in TDCJ Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 declare under perjury or penality that according to my belief the facts stated in application are true and correct.

_Tanjia C. Chandler Smith_ 3/25/15
sign TDCJ # 1746186   date

## CERTIFICATE OF SERVICE

I Tanjia C. Chandler-Smith residing at Crain Unit, 1401 State School Rd., Gatesville, Tx. 76599 state that herein is true and correct.

_Tanjia C. Chandler Smith_ 3-25-15
sign   date

**PETITIONER'S INFORMATION**

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

**INMATE'S DECLARATION**

I, _____, am the applicant / petitioner (circle one) and being presently incarcerated in _____, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _____, 20 _____

_____
Signature of Applicant / Petitioner (circle one)

17

LAST PAGE OF A "1107" FORM HABEAS CORPUS WRIT

Rev. 01/14/14